84

**George LECA, Plaintiff–Appellant,**

v.

**JOHNSON CONTROLS WORLD SERVICES, INC., Defendant–Appellee.**

**Docket No. 01–7058.**

United States Court of Appeals, Second Circuit.

Dec. 17, 2001.

Steven G. Storch, Storch, Amini, & Munves, New York, NY, for Appellant.

Guy O. Farmer, Foley & Lardner, Jacksonville, FL, for Appellee.

Present CARDAMONE, McLAUGHLIN, and PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant George Leca appeals from the judgment of the district court entered January 8, 2001 upon a memorandum and order dated January 5, 2001 granting Defendant–Appellee Johnson Controls World Services, Inc.'s ("Johnson Controls") motion for summary judgment. *Leca v. Johnson Controls World Servs.,* No. 97–CV–5835, slip op. at 11 (E.D.N.Y. Jan. 5, 2001).

Leca alleges that Johnson Controls discriminated against him on account of his race and national origin by subjecting him to a hostile work environment and retaliating against him in violation of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the New York Human Rights Law, N.Y. Exec. L. § 296(1)(a) ("NYHRL"), the New York City Administrative Code, Title 8 § 8–107(1)(a) ("NYCAC"). He has also brought an action for the New York common law tort of intentional infliction of emotional distress. Upon Johnson Controls's motion for summary judgment, the district court ruled that Leca had not presented evidence sufficient to create an issue of material fact as to: (1) whether a hostile work environment existed and whether Johnson Controls knew or should have known of allegations of discrimination against Leca; (2) whether Johnson Controls's alleged retaliatory actions were motivated by animus based on protected activity; and (3) whether Johnson Controls engaged in the "extreme and outrageous conduct" necessary to sustain a claim for intentional infliction of emotional distress. *Leca,* slip op. at 6–11.

We review the district court's decision to grant summary judgment de novo. *Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999). We conclude that Johnson Controls cannot be held liable for Leca's harassment at the hands of his co-workers because he has not submitted evidence sufficient to create an issue of material fact as to whether Johnson Controls " 'either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it.' " *Distasio v. Perkin Elmer Corp.,* 157 F.3d 55, 63 (2d Cir.1998) (quoting *Murray v. N.Y. Univ. College of Dentistry,* 57 F.3d 243, 249 (2d Cir.1995)). The record shows that Johnson Controls thoroughly investigated Leca's numerous complaints of harassment and that the overwhelming majority of those complaints contained no allegations of age- or national origin-based harassment. Leca's complaints that did contain such allegations were simply too few and far between to put Johnson Controls on notice that harassment based on discriminatory animus may have been occurring. We therefore affirm the district court's grant of summary judgment on Leca's hostile work environment harassment claims.

With respect to Leca's retaliation claim, we affirm the district court's decision to grant summary judgment since Leca has not submitted evidence sufficient to create an issue of material fact as to whether a casual connection existed between his protected activity and the adverse employment actions to which he was subjected. *See Johnson v. Palma,* 931 F.2d 203, 207 (2d Cir.1991).

Finally, with respect to Leca's claim for intentional infliction of emotional distress, we affirm the district court's decision to grant summary judgment. Leca's submissions do not raise an issue of fact as to whether Johnson Controls's actions were sufficiently extreme or outrageous to constitute intentional infliction of emotional distress. *See Howell v. N.Y. Post Co.,* 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993).

For the reasons set forth above, the judgment of the district court is AFFIRMED.